UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| VANESSA COLEMAN, | ) | |
|---|---|---|
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-163 |
| | ) | |
| | ) | |
| SHERIFF JIMMY JONES | ) | |
| and HONORABLE RICHARD | ) | |
| R. BAUMGARTNER, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by counsel for petitioner Vanessa Coleman ("Coleman") on April 16, 2010. Coleman is in the Knox County Detention Center awaiting trial in a capital case; trial is scheduled to commence on May 3, 2010, in the Circuit Court for Knox County, Tennessee. Coleman asks this court to enjoin the upcoming trial and for an injunction barring further prosecution of Coleman in the Knox County Circuit Court. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Judgment Order upon the respondents and District Attorney General Randal E. Nichols. For the reasons stated below, the respondents shall not be required to file an answer or other pleading to the petition; the habeas corpus petition will be **DENIED** and this action will be **DISMISSED**.

A Knox County Grand Jury returned a presentment against Coleman charging various offenses, including first degree murder, arising from her alleged role in the deaths of Channon Christian and Christopher Newsom in early January of 2007. Coleman filed a motion to dismiss the presentment on the basis that she was immune from prosecution under Rule 6(j)(6) of the Tennessee Rules of Criminal Procedure. The trial court denied petitioner's motion to dismiss the presentment, but granted her application for an interlocutory appeal of that order. [Attachment 1 to Habeas Corpus Petition, Order granting permission to appeal filed August 4, 2009].

The Tennessee Court of Criminal Appeals denied the application for permission to appeal, finding that Coleman's "probability of success on appeal" was not so great "as to justify an interlocutory appeal." [Attachment 2, Order of Tennessee Court of Criminal Appeals filed November 25, 2009, p. 4]. In so ruling, the appellate court agreed with the State that "immediate review of the trial court's order is unnecessary in that the trial court correctly concluded that [Coleman] is not entitled to immunity from prosecution pursuant to Tenn. R. Crim. P. 6(j)(6) given the circumstances presented in this case." [*Id.* at 1]. The Tennessee Supreme Court denied permission to appeal. [Attachment 3, Per Curiam Order filed March 1, 2010].

The Tennessee Court of Criminal Appeals summarized the immunity question and the trial court's ruling as follows:

> The motion to dismiss alleged that the defendant had been subpoenaed to appear before a federal grand jury on January 17, 2007, to testify "concerning

2

the offenses for which said Presentment was returned by the Knox County Grand Jury on the 31st of January 2007. The motion, and memorandum of law filed in support of the motion, alleged that the charges against the defendant in state court arose out of a joint and cooperative investigation by state and federal authorities of the events leading up to the deaths of Ms. Christian and Mr. Newsome [sic]. The defendant argued that, by virtue of the joint investigation, federal authorities were acting as agents of the District Attorney General when they subpoenaed her to testify before the federal grand jury regarding her knowledge and participation in the crimes committed against Ms. Christian and Mr. Newsome. The defendant argued that she was therefore entitled to the immunity from prosecution provided by Tenn. R. Crim. P. 6(j)(6), which states: "No witness shall be indicted for any offense in relation to which the district attorney general has compelled the witness to testify before the grand jury." She argued that the advisory commission comments to the rule supported her argument that the actions of the federal authorities, who were acting as agents of the District Attorney General when they subpoenaed her to testify before the federal grand jury, were sufficient to trigger the immunity protection provided by the rule. The defendant specifically relied on the following comment by the advisory commission:

> This rule grants immunity only to those witnesses compelled to testify by the district attorney general, or the district attorney general's assistant *or agent*, by virtue of subpoena or order of the judge.

Tenn. R. Crim. P. 6, Advisory Comm'n Comments (emphasis supplied).

At the hearing on the defendant's motion, the parties presented the trial court with evidence establishing the following facts. On January 17, 2007, the defendant responded to the federal grand jury subpoena. She then testified before the federal grand jury relative to her knowledge of the events surrounding and leading up to the deaths of Ms. Christian and Mr. Newsome. During her testimony, the defendant was asked if she was appearing in response to a subpoena and she said yes. The defendant never invoked her Fifth Amendment privilege against self-incrimination before testifying before the federal grand jury. However, in preparation for her testimony before the federal grand jury, the United States Attorney's Office for the Eastern District of Tennessee had prepared and submitted to the United States Department of Justice a written request for authorization to offer the defendant use immunity in exchange for her testimony in the event she invoked her Fifth Amendment

3

privilege. That document entitled "Immunity Request Form," was introduced into evidence at the hearing on the motion to dismiss. That document indicates on its face that the targets of the federal grand jury investigation at the time the defendant was subpoenaed to testify did not include the defendant, but included only Lemaricus Davidson, Eric Boyd, Letalvis Cobbins, and George Thomas. The immunity request document also indicates on its face that the offenses about which the defendant was being compelled to testify were not those with which she now stands accused in state court. Specifically, the "Immunity Request Form" stated:

> The Knox County Prosecutor's Office is conducting a murder, kidnaping and rape investigation. This office is conducting a carjacking investigation. Both offices are coordinating their investigations with each other. The federal investigation is being conducted at the request of the local prosecutor. As set forth above the suspects are charged by Complaint in federal court. No charges have been filed in state court.
> A federal grand jury is meeting January 17 and 18 ... to pursue the investigation of the above named subjects.... No one has implicated [the]witness in the carjacking, the murders or the rapes.... Witness is not known to have participated in the carjacking, murder or rapes.... [T]here is no evidence implicating [the] witness in the commission of the offenses.... [T]he offenses committed include an armed carjacking resulting in a double homicide.

...

In a lengthy order, the trial court denied the defendant's motion to dismiss. Acknowledging that the agency argument presented in the motion was "novel," the trial court determined that the defendant was not entitled to the immunity provided by Tenn. R. Crim. P. 6(j)(6) because there was "no evidence in the record that the District Attorney General told or directed the federal authorities to subpoena Defendant Coleman to testify before the grand jury." In the context of rejecting the defendant's agency argument, the trial court commented that "the federal authorities were pursuing a legitimate purpose of their own" as demonstrated by the immunity request document. The trial court explained:

4

> The fact that the state and federal authorities were jointly investigating criminal activity that gave rise to separate federal and state criminal charges that grew out of the same criminal enterprise does not necessarily make one the agent of the other. The record established that the United States Attorney's Office was pursuing a legitimate federal prosecution when defendant Coleman was called before the federal grand jury. They were not acting as agents of the state anymore than the state was acting as agents of the federal authorities when the defendants were indicted in the pending state cases.

Citing Tenn. R. Crim. P. 1(a), the trial court also concluded that Tenn. R. Crim. P. 6(j)(6) was intended to govern only the proceedings of grand juries in Tennessee courts of record, and not the grand jury proceedings of the federal government.

[Attachment 2, pp. 1-3].

In her petition for federal habeas corpus relief, Coleman again alleges that she is entitled to relief from prosecution under Rule 6(j)(6) of the Tennessee Rules of Criminal Procedure and that she has been denied due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution by the state courts' refusal to apply Rule 6(j)(6). Coleman asserts that she has exhausted all available state court remedies on her claims.

The court first notes that an applicant for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be "in custody pursuant to the judgment of a State court." *Id*. § 2254(a). Coleman is in custody as a pretrial detainee and thus is not entitled to seek relief pursuant to § 2254. Nevertheless, to the extent she seeks habeas relief pursuant to 28 U.S.C. § 2241, *see Norton v. Parke*, 892 F.2d 476, 478 n.5 (6th Cir. 1989) (pretrial habeas petition is properly brought pursuant to § 2241), Coleman is not entitled to habeas corpus relief.

5

The law is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976).

There are exceptions to the *Younger* abstention doctrine. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (denial of right to speedy trial is cognizable in pretrial habeas corpus petition); *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988) ("special circumstance" justified intervention in state criminal proceedings when State attempted to retry petitioner rather than permit him to accept initial plea offer originally rejected due to ineffective assistance of counsel), *vacated on other grounds*, 492 U.S. 902 (1989); *Gully v. Kunzman*, 592 F.2d 283, 286-87 (6th Cir. 1979) (double jeopardy claims "involve exceptional circumstances" and warrant habeas corpus consideration despite threat of interfering in pending state criminal proceedings). The court is not aware of an exception involving immunity from prosecution.

Coleman argues that her immunity issue is analogous to a double jeopardy issue and thus constitutes extraordinary circumstances entitling her to pretrial habeas corpus relief. This court disagrees. Should Coleman be convicted in the Knox County Circuit Court, she can then raise her immunity claim on direct appeal to the Tennessee appellate courts and then to this court after exhaustion of her state court remedies.

In addition, Coleman's allegation involves the failure of the trial judge to comply with state law requirements. As such, "it is not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus."); *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995) ("When and how state law applies to a particular case is a matter on which the state supreme court has the last word. No federal issues are implicated and no federal question is presented in determining whether a change in state law is to be applied retroactively.") (citation omitted).

Whether a violation of state law abridges "rights under the federal due process clause depends primarily upon whether there has been any fundamental unfairness and prejudice." *Matthews v. Lockhart*, 726 F.2d 394, 396 (6th Cir. 1984). This court cannot say that the trial court's denial of the motion to dismiss the presentment was fundamentally unfair. Accordingly, Coleman cannot argue that her rights to due process have been violated at this time.

Because it plainly appears from the face of the petition that Coleman is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Finally, the court notes that Attachment Four to the Habeas Petition is a copy of the Immunity Request Form, which has been placed under seal because it refers to a federal grand jury proceeding.[1] The parties are **ORDERED** to **SHOW CAUSE**, within ten (10) days of the date of this Memorandum, why Attachment Four should not be unsealed. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the United States Attorney for the Eastern District of Tennessee so that he may advise the court of his feelings in this regard.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>
United States District Judge

---

[1]The Clerk is **DIRECTED** to provide a copy of Attachment Four to the parties upon request.